*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* K. M. WHITE, Minor.

UNPUBLISHED
July 11, 2019

No. 345263
Oakland Circuit Court
Family Division
LC No. 2018-859468-NA

Before: RONAYNE KRAUSE, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her daughter, KW, pursuant to MCL 712A.19b(3)(i)[1] (parental rights to one or more siblings terminated due to neglect or abuse and prior attempts to rehabilitate the parent have been unsuccessful). We affirm.

## I. BACKGROUND

Prior to the instant case, respondent had her two other children, AT and ST, removed from her care after respondent attempted to commit suicide while caring for the children in 2012. AT and ST were placed in foster care, and respondent entered into a parent agency treatment plan which addressed her substance abuse and other untreated mental health issues. Respondent failed to complete or benefit from her treatment plan and on December 16, 2015, respondent's parental rights were terminated to AT. ST was placed in a guardianship with her paternal grandmother.

KW was born on October 18, 2017, and left the hospital with respondent. Children's Protective Services (CPS) was notified of KW's birth and requested respondent participate in

---

[1] MCL 712A.19b(3)(i) was amended, effective June 12, 2018. See 2018 PA 58. The current version of the statue reads: "Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental right."

drug screens. Respondent produced positive screens for cocaine, marijuana, hydrocodone, and oxycodone. In December 2017, the Department of Health and Human Services (DHHS) requested the court take jurisdiction over KW and find grounds to terminate respondent's parental rights based on respondent's prior terminations and continued drug use. At the following preliminary hearing on the petition, respondent waived probable cause to jurisdiction. Respondent was referred to an outpatient drug treatment program, but was discharged from that program in January 2018 for lack of attendance. Respondent refused subsequent enrollment in an inpatient program because KW was still a newborn.

In February 2018, a contested hearing on the termination petition began. Respondent was incarcerated for part of the multi-day hearing on an unresolved retail fraud charge. CPS investigator Jessica Bracey testified to respondent's prior termination and its bases. In relation to KW, Bracey testified that respondent tested positive for marijuana and cocaine since January 2018 but denied drug use. She also testified that respondent was unemployed and homeless. The trial court found statutory grounds to terminate respondent's paternal rights under MCL 712A.19b(3)(i), which at the time, provided: "Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and prior attempts to rehabilitate the parents have been unsuccessful." The trial court found that respondent's parental rights were previously terminated to AT, and despite respondent being provided ample opportunity to engage in services in that case, respondent had not engaged in those services, and therefore, the prior attempts to rehabilitate respondent had been unsuccessful.[2] The court ordered a psychological evaluation of respondent, drug screens and supervised parenting time. The court purposely scheduled the best interests hearing two months out to give respondent time "to get back on track."

The best interests hearing spanned three days in May and June. Shannon Conz was qualified as an expert in the area of clinical psychology as it related to child neglect cases and performed the court ordered psychological evaluation of respondent. Conz testified that respondent admitted to a history of substance abuse and depression, and to not being in any kind of counseling or therapy to address those issues. Respondent blamed her failure to participate in substance abuse treatment on not getting support from her caseworker, but also told Conz that she did not want services to be court ordered. Conz was particularly concerned about respondent's assertion that the last time respondent used cocaine was in November, when Conz was aware of positive screens as late as May 2018. Conz believed that respondent loved KW and was bonded to her, but recommended that termination was in KW's best interests because of respondent's unresolved substance abuse and mental health issues. Conz described respondent's substance abuse issues as chronic, and opined that even if respondent were to be fully compliant with services and benefit from those services, it would take respondent at least a year to eliminate her substance abuse problems. Conz believed it was not in KW's best interest to wait a year for respondent to resolve her substance abuse issues and that any bond respondent had with KW was outweighed by KW's need for permanency and stability.

---

[2] The court denied termination under MCL 712A.19b(3)(g) and (j).

DHHS caseworker Stephanie Volos testified that respondent tested positive for cocaine in January, February, and May. Volos noted that respondent was incarcerated in March and could not screen in April because she did not have an I.D. Volos testified that when she confronted respondent with the positive screens, respondent said that she did not know how she could have tested positive for cocaine. Volos visited with KW three times in the foster care home and KW appeared very happy.

Respondent testified on her own behalf. She testified that in April 2018, she signed a one-year apartment lease, had two vehicles, and as of February 2018, was employed cleaning houses and commercial buildings. She testified to beginning narcotics anonymous classes in May 2018. She admitted to last using cocaine on May 5, 2018. However, she had also tested positive for cocaine on May 18, negative on June 14 and 15, and missed a drug screen on June 16, 2018. The missed screens are presumed to be positive.

The court found that it was in KW's best interest to terminate respondent's parental rights. The court noted respondent's chronic substance abuse during the case and inability to produce three consecutive negative screens to visit with KW. The court also noted that services had been ordered for respondent despite the filing of the termination petition. The court made note of the long history of mental health issues and respondent's failure to address them.

## II. STANDARD OF REVIEW

On appeal, respondent only challenges the trial court's best interest decision. This Court reviews the trial court's ruling that termination is in the child's best interest for clear error. *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *Id.* at 90.

## III. ANALYSIS

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014).

The trial court did not clearly err when it found that it was in KW's best interest to terminate respondent's parental rights. The infant KW was initially separated from respondent due to respondent's unabated substance abuse. Respondent had little opportunity to bond with

-3-

the child after the foster placement because of her continued positive or missed drug screens. The long history of untreated mental health issues, refusal to undergo treatment and denial of objectively proven substance abuse all support the trial court's finding that it was in the best interests of KW for respondent's parental rights to be terminated.

We reject respondent's additional argument that termination of her parental rights was premature where KW remained a temporary court ward and the permanency goal was reunification with KW's father. The court considers the fitness of each parent individually and the termination of respondent's parental rights was not contingent on father's adjudication. *In re Sanders*, 495 Mich 394, 417; 852 NW2d 524 (2014). Further, the court was not required to consider reunification efforts with respondent where permanent custody was sought at the initial disposition. *In re HRC*, 286 Mich App 444, 463; 781 NW2d 105 (2009); see also MCR 3.977(D).

Affirmed.

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens